## KIBADEAUX v. STANDARD DREDGING CO.

No. 7929.

Circuit Court of Appeals, Fifth Circuit.
May 19, 1936.

For former opinion, see 81 F.(2d) 670.

H. C. Hughes and J. W. Lockhart, both of Galveston, Tex., for appellant.

Byron Economidy, of Galveston, Tex., for appellee.

Before FOSTER and SIBLEY, Circuit Judges.

PER CURIAM.

Appellant prayed for damages of $45,000 for the loss of an arm and mental and physical pain caused by the accident. On reversal appellee was taxed with costs of appeal as follows: Proctor's fee $100; costs of printing appellant's brief $39.65. On motion to retax, appellee contends that, since the reversal was of an order dismissing the libel for want of jurisdiction, no amount at all was involved on the appeal.

The act of August 3, 1935, materially changed the law relating to proctors' and marshals' fees and bonds and stipulations in suits in admiralty. Section 1 of the act amends section 824 R.S.(U.S. C.A. t. 28, § 572) to read as follows:

"On appeals in admiralty, where the amount involved is not over $1,000 a proctor's docket fee of $20; where the amount involved is from $1,000 to $5,000 a proctor's docket fee of $50; where the amount involved is over $5,000 a proctor's docket fee of $100. On such appeals cost of brief of successful party to be taxed, where amount involved is not over $1,000 at not exceeding $25; where amount involved is between $1,000 and $5,000 at not exceeding $50; where amount involved is over $5,000 at not exceeding $75."

Prior to the enactment of this legislation, the docket fee on appeal in all admiralty cases was $20, with no allowance for the printing of briefs. It is clear Congress considered this was inadequate. Obviously, a litigant may incur as much expense for counsel fees and printing the brief on an appeal from an interlocutory judgment in admiralty which determines liability but does not fix the amount to be awarded, as he would on an appeal involving a decision of the whole case. The same is true where the suit is dismissed by the District Court on the ground of want of jurisdiction. Counsel fees of $100 are not excessive. We cannot tell how much, if anything, may be recovered by libelant on a determination of the merits of the case, but if he should recover something over $5,000, which is not improbable, the docket fee on appeal would still be $100 and the cost of printing the brief the same. It is elementary that in personal injury suits at law the ad damnum fixes the amount involved for the purpose of determining jurisdiction in a federal court. That rule may reasonably be followed by analogy in admiralty, where the amount involved is not otherwise shown, for the purpose of awarding costs on appeal. We consider that in a case such as this the amount involved should be determined by the amount claimed.

The motion to retax costs is denied.